**Dulal Kanti GANGULY, Plaintiff–Counter–Defendant–Appellant,**

v.

**CHARLES SCHWAB & CO., INC. and Charles Schwab, Defendants–Counter–Claimants–Appellees.**

**Docket No. 04–1742–CV.**

United States Court of Appeals, Second Circuit.

July 25, 2005.

Dulal Kanti Ganguly, Netherlands, for Appellant, pro se.

Daniel J. Brooks, Schnader Harrison Segal & Lewis LLP, New York, NY, for Appellee.

Present: STRAUB, SACK, Circuit Judges, and KRAVITZ, District Judge.*

**SUMMARY ORDER**

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment is AFFIRMED.

This appeal arises out of an attempt by Dulal Kanti Ganguly ("Ganguly") to recover certain trading losses incurred while he maintained a brokerage account with appellee Charles Schwab & Co. Ganguly commenced an arbitration proceeding against Charles Schwab & Co. and its chairman, Charles R. Schwab (collectively, "Schwab") with the National Association of Securities Dealers ("NASD"). After the arbitrators held a three-day hearing but before they issued any award, Ganguly brought an action in United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*), alleging claims under the Securities Exchange Act and various federal statutes, as well as claims that the District Court construed to be New York common law claims for breach of contract, fraud, and breach of fiduciary duty. Shortly thereafter, the arbitrators issued a decision in Schwab's favor, and Schwab counterclaimed in the federal action for confirmation of the arbitration award pursuant to 9 U.S.C. § 9.

The District Court construed Ganguly's answer to the counterclaim generously as a petition to vacate the arbitration award pursuant to 9 U.S.C. § 10. The District Court, however, denied the petition to vacate the award and granted Schwab's application to confirm the arbitration award. Having decided to confirm the arbitration award, the District Court then found that Ganguly's claim for a violation of federal securities laws and his claims under state law were barred under the doctrine of collateral estoppel because they were actually and necessarily decided in the arbitration and Ganguly had a full and fair opportunity to litigate in that proceeding. Assuming without deciding that Ganguly's claims under other federal statutes—including the Federal Trade Commission Act and Alien Tort Claim Act—were not subject to preclusion, the court found that Ganguly failed to state a claim with respect to those statutes. The court thus granted Schwab's motion for summary judgment and dismissed the complaint.

We assume familiarity with the facts, procedural history, and issues on appeal. For essentially the reasons stated by the District Court in its thoughtful opinion, the judgment is AFFIRMED. We have con-

---

* The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

sidered all the arguments raised by Ganguly on appeal and find them to be without merit.